## Condell Storage & Transfer Co. v. A. H. Baldwin.

1. QUESTION OF FACT—*Priority of Liens.*—The question as to which of two chattel mortgages is a prior lien upon the property in this case is a question of fact for the jury under proper instructions.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 21, 1899.

**Statement.**—This is an action in replevin brought by appellant against appellee to recover a piano and piano stool and cover. The suit was commenced before a justice of the peace, tried there before a jury and a verdict rendered in favor of defendant (appellee). Appellant took the case to the Circuit Court by appeal where it was again tried before a jury with like result as when tried in the justice's court. Judgment was entered in the Circuit Court upon the verdict, and the cause was brought to this court by appeal.

It appears that appellant sold the piano in question to one Irene Raybett, otherwise known as Irene Clayton. Said Irene paid a part of the purchase price and gave to appellant a chattel mortgage upon the piano for the balance.

Afterward Irene gave a chattel mortgage upon the piano to appellee to secure the payment of money loaned to her by him. She was in possession of the piano from the time of its purchase from appellant up to the time it was mortgaged to appellee. No question is måde as to there being any defect in either one of the mortgages.

W. B. BRADFORD, attorney for appellant; JAMES H. WARD, of counsel.

FREDERICK S. BAKER, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In the original record filed in this court many changes

and alterations are apparent. When such changes and alterations were made and by whom, it is not necessary to determine in order to decide the case. We leave the question of when and by whom they were made to another tribunal.

This is a contest between two mortgagees, each claiming a lien prior to that of the other. On the part of appellee it is contended that when application was made to him for a loan of money upon the security of said piano, and before he made or agreed to make the loan, he applied to one B. A. L. Thomson to ascertain whether there was any lien upon said piano; that said Irene had referred to said Thomson as to the question of said piano being free from liens; that said Thomson, at the time he was thus applied to, was informed that said Irene had referred to him; that said Thomson stated that there was no lien upon the piano; that there was no demand for the possession of said piano before this suit was commenced; and that thereupon, and relying upon said statement by said Thomson, appellee made the loan and took a mortgage upon said piano as security.

On behalf of appellant it is contended that no such application was made to said Thomson; that said Thomson did not state that there was no lien upon said piano; that demand was made in apt time, and that the right of appellant should not be affected by any statement made by said Thomson.

These are questions of fact for the jury under proper instructions. It appears from an additional abstract of record filed by appellee that said Thomson testified that he was secretary of appellant company, and "the active manager of the organization from its infancy up to the present time;" that one Wehrheim, a brother-in-law of Thomson, was president—that Thomson's wife was vice-president—that Wehrheim's wife was treasurer—and that these four held all the stock of appellant company.

There is no error in the giving or refusing instructions, and we are entirely satisfied with the verdict of the jury.

In regard to the changes and alterations in the original

record above referred to, it seems to be due to the attorney's appearing in this case in this court to say that it appears from said additional abstract that after said original record had been filed in this court, and upon a hearing in the Circuit Court, and on the 12th day of December, 1898, said Circuit Court entered an order in said cause in which it is recited in substance that the bill of exceptions in said original record was not, and is not, a true and correct transcript of the evidence in said cause or of the stenographic notes thereof, " but had been changed and altered by and at the direction of one B. A. L. Thomson," and that " a fraud and imposition was practiced on this (the Circuit) court by said B. A. L. Thomson."

The judgment of the Circuit Court is affirmed.